IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CYRUS DESMOND PIERSON | * | |
| Plaintiff, | * | |
| v. | * | 1:07-CV-451-WKW |
| | | (WO) |
| JEFF SHELTON, of the | * | |
| COFFEE COUNTY SHERIFF'S | | |
| DEPARTMENT | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Cyrus Pierson ["Pierson"], a county inmate, challenges actions taken against him during his confinement in the Coffee County Jail. Pierson seeks injunctive relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendant Shelton filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendant Shelton asserts that this case is due to be dismissed because Pierson has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant Shelton maintains, and the undisputed evidentiary materials demonstrate, that with respect to the claims presented

in the instant complaint, Pierson has failed to completely exhaust the administrative remedies available to him in the Coffee County Jail via the jail's inmate grievance procedure. (*See* Doc. No. 8 at pgs. 4-7, Exh. T - Moss Affidavit.) In accordance with the order entered on July 20, 2007 (Doc. No. 9), the court deems it appropriate to treat Defendant Shelton's special report as a motion for summary judgment.

This case is now pending before the court on Defendant Shelton's motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion for summary judgment is due to be granted and this case dismissed without prejudice as Plaintiff has failed to exhaust available administrative remedies.

## DISCUSSION

Pierson challenges actions taken against him at the Coffee County Jail. (Doc. No. 1.) In response to the claims presented in the complaint, Defendant Shelton argues that this case should be dismissed because Pierson has failed to properly exhaust his administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

The record in this case establishes that the Coffee County Jail provides a grievance procedure for inmate complaints. The undisputed evidentiary materials submitted by Defendant Shelton demonstrate that Pierson failed to file any grievance challenging the actions about which he complains in the instant complaint. The court, therefore, concludes that the claims for relief presented in this cause of action are subject to dismissal as Pierson has not yet exhausted his available administrative remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Shelton's motion for summary judgment (Doc. No. 8) be GRANTED to the extent that Defendant Shelton seeks dismissal of this case for Pierson's failure to exhaust an available administrative remedy; and

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Pierson's failure to exhaust an available administrative remedy.[1]

It is further

ORDERED that on or before August 27, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[1] The parties are advised that this Recommendation does not in any way address the merits of Plaintiff's claims for relief. Consequently, this dismissal has no impact on Plaintiff's ability to pursue his claims in this court upon his exhaustion of all available administrative remedies or at the time he no longer has an administrative remedy available to him.

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of August 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE